**Not for publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
KEITH LOGAN, JEROME BLAND,          :
JOSSHAN BLAND, SHERRY BLAND,        :
and SHERRY M. BLAND,                :
                                    :
          Plaintiffs,               :   Civil Action No. 09-1528 (JAP)
     v.                             :
                                    :   **OPINION**
STATE OF NEW JERSEY, COUNTY OF      :
MONMOUTH, MONMOUTH COUNTY           :
PROSECUTOR'S OFFICE, CITY OF        :
LONG BRANCH, CITY OF LONG           :
BRANCH POLICE DEPARTMENT,           :
TODD COLEMAN, JEFFREY PILONE,       :
JEFFREY GRIPPALDI, JASON            :
ROEBUCK, ROSS ZOTTI, and PATRICK    :
JOYCE,                              :
                                    :
          Defendants.               :
_____:

PISANO, District Judge:

Presently before the Court is defendants State of New Jersey and Monmouth County Prosecutor's Office's (the "State Defendants") unopposed motion to dismiss plaintiffs Keith Logan, Jerome Bland, Josshan Bland, Sherry Bland, and Sherry M. Bland's (collectively the "Plaintiffs") complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the defendants' motion to dismiss is granted.

I. Background[1]

---

[1] Unless otherwise noted, all facts are taken from Plaintiff's complaint. In addressing Defendants' motion to dismiss, the Court must accept as true the allegations contained in the Complaint. *See Toys "R" Us, Inc.*

1

On March 29, 2007, officers of the Long Branch Police Department and of the New Jersey State Police Street Crimes Unit approached plaintiffs Jerome Bland and Keith Logan and ordered both men to lie face down on the ground. Both Plaintiffs complied with the officers' order. At the time of the incident, Logan was wearing a colostomy bag. The bag ruptured due the officers' excessive use of force and Logan found himself lying face down in a pool of his own excrement. Jerome Bland was initially released by the officers and instructed to "get the fuck out of here." Bland returned to his home, located across the street from the scene of Logan's arrest.

Plaintiff Josshan Bland, who was watching the arrest from across the street, verbally protested Logan's arrest and was subsequently told to "shut the fuck up" and punched in the face by Defendant Coleman. Josshan Bland was then placed under arrest. After the arrest of Josshan Bland, Jerome Bland went into his home at the direction of Plaintiff Sherry Bland, his mother.

After Jerome Bland went inside his home, Defendants Coleman and Grippaldi forcefully entered the Bland home. Plaintiff Sherry M. Bland, who was fifteen at the time, stood up on the couch and asked the officers "What are you doing?" Defendant Coleman then punched Sherry M. Bland in the face. Defendant Coleman subsequently threw Jerome Bland to the ground, placed him under arrested, and with the assistance of Defendant Grippaldi, placed Jerome Bland into a police cruiser.

Sherry Bland, Jerome Bland's mother, asked the officers what they were doing. In response, Defendant Pilone said "shut the fuck up, you black bitch." Sherry Bland then attempted to record the events on her camera phone. When Defendant Pilone

---

*v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003); *Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1301 (3d Cir. 1996). Accordingly, the facts recited herein are taken from the Complaint, and do not represent this Court's factual findings.

realized that Sherry Bland was recording the incident he threatened to "shove the camera up [her] ass."

Jerome and Josshan Bland were subsequently indicted for resisting arrest and inciting a riot. They were acquitted of both charges.

On April 1, 2009, Plaintiffs filed an eleven count complaint alleging numerous violations of the United States Constitution, as well as, common law assault, and common law battery against the State of New Jersey, County of Monmouth, Monmouth County Prosecutor's Office, City of Long Branch, City of Long Branch Police Department, Todd Coleman, Jeffrey Pilone, Jeffrey Grippaldi, Jason Roebuck, Ross Zotti, and Patrick Joyce. (Docket Entry No. 1). The State of New Jersey and the Monmouth County Prosecutor's Office now assert the doctrine of sovereign immunity and ask this Court to dismiss all of Plaintiffs' claims as barred by the Eleventh Amendment.

II.  Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted. Recently, the Supreme Court refashioned the standard for addressing a motion to dismiss under Rule 12(b)(6). *See Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007). The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do[.]" *Id.* at 1964-65 (internal citations omitted); *see also Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)..." *Twombly*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 1949 (quoting *Twombley*, 127 S. Ct. at 570.)  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler v. UPMC Shadyside, 2009 WL 2501662, 5 (3d Cir. August 18, 2009) (citations omitted).

III. Discussion

The Eleventh Amendment to the United States Constitution limits federal jurisdiction over the States.  The amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

4

*U.S. Const. Amend.* XI.

The Eleventh Amendment has been interpreted to prohibit the exercise of federal jurisdiction over law suits brought by individuals against a State absent the State's consent. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). The Eleventh Amendment stands for the presupposition that "each State is a sovereign entity in our federal system; and [] that'[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.'" *Id.* (quoting *Hans v. Louisiana,* 134 U.S. 1 (1890)).

Congress may abrogate State sovereign immunity by statute. *See id.* at 55. "Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'" *Id.* (quoting *Blatchford v. Native Village of Noatak,* 501 U.S. 775, 786 (1991)). The Supreme Court has held that 42 U.S.C. § 1983 does not abrogate a State's Eleventh Amendment sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 338 (1979). This Court may not entertain a suit brought against the State by an individual pursuant to 42 U.S.C. § 1983 unless the State has consented to suit. *Seminole Tribe*, *supra*, 517 U.S. at 54. The State of New Jersey has not waived its sovereign immunity with respect to 42 U.S.C. § 1983. *Mierzwa v. U.S.*, 282 Fed.Appx. 973, 976 (3d Cir. 2008) (citing *Ritchie v. Cahall,* 386 F.Supp. 1207, 1209-10 (D.N.J.1974)). Therefore, the instant action against the State of New Jersey must be dismissed on sovereign immunity grounds.

Generally, the Eleventh Amendment also bars suits brought by individuals against State agencies. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). County prosecutors act as agents of the State when they

"execute their sworn duties to enforce the law by making use of all the tools lawfully available to them to combat crime." *Coleman v. Kaye*, 87 F.3d 1491, 1499 (3d Cir. 1996). The Third Circuit and courts in this district have consistently held that county prosecutor's offices enjoy immunity from suit in federal court when acting in their law enforcement capacity. *Beightler v. Office of Essex County Prosecutor*, 342 Fed.Appx. 829, 832 (3d Cir. 2009); *Hyatt v. County of Passaic*, 340 Fed.Appx. 833, 836 (3d Cir. 2009); *Kandil v. Yurkovic*, 2007 WL 4547365, *3 (D.N.J. December 18, 2007); Banda v. Burlington County, 2006 WL 2739718, *3 (D.N.J. September 26, 2006); Davis v. Township of Lakewood, 2005 WL 1863665, *4 (D.N.J. August 4, 2005). Therefore, the instant action against the Monmouth County Prosecutor's Office must also be dismissed on sovereign immunity grounds.

 IV.  Conclusion

For the reasons above, Defendants' motion to dismiss is granted. An appropriate Order accompanies this opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: February 17, 2010

6